THEODORE B. MERRICK vs. REYNOLDS ENGINE AND GOVERNOR COMPANY.

Evidence that, shortly after the directors of a corporation had voted to authorize one of their number to contract for the manufacture of twenty-five machines on the best terms which he could obtain, and take such steps to perfect and introduce machines of that kind as he might think best, he contracted in his own name, for the manufacture of patterns for four machines, with a person who had worked for him before, and who charged them to him on his books; that, after finishing them, the workman presented his bill to the director individually, who told him to make it out against the corporation; and that, on doing so, and presenting it to the treasurer of the corporation, the treasurer assured him that the corporation would settle it; is sufficient to warrant a finding that the work was done for the corporation, under the direction of its agents, acting within the scope of their authority, either as having general charge of its affairs or under the vote of the directors.

The making of the certificate required by the Gen. Sts. c. 61, § 8, is not a condition precedent to the existence of a corporation under that chapter; nor can a failure to make such certificate be set up by such a corporation in defence against a creditor.

CONTRACT on an account for work done and materials furnished in making patterns for four regulators of steam engines. The defendants were described in the writ as a corporation established by law at Boston. The answer specifically denied that the defendants were a corporation, and denied generally all the allegations of the plaintiff.

At the trial in the superior court, before *Devens*, J., without a jury, the plaintiff, to prove that the defendants were a corporation under the Gen. Sts. c. 61, put in evidence articles of association, a notice for a first meeting of the subscribers of the articles, and records of that meeting, at which by-laws and a seal were adopted, and officers chosen, including Edwin Reynolds and Robert N. Turner among the directors, and Turner as treasurer, and an announcement made of the completion of subscriptions to the capital stock, with the names of the subscribers, all which proceedings were conceded to be in conformity with the statute, but it was also agreed that no certificate was ever signed, sworn to, published, deposited, filed or recorded in conformity with § 8, (printed in the margin,*) on which omission

---

* "Before such corporation commences business, the president, treasurer, and a majority of the directors, shall sign, swear to, publish three times in

the defendants relied to sustain their denial of a corporate ex-
istence.

It was agreed that at a meeting of the directors on April 9
1867, a president was chosen, and a vote passed "that Edwin
Reynolds be authorized to contract for the manufacture of
twenty-five regulators on the best terms which he may be able
to obtain, and to take such steps for perfecting and introducing
the regulator and cut-off as he may think best."

The plaintiff testified that on April 27, 1867, Reynolds ordered
him to make patterns for four regulators ; that he had worked for
Reynolds before ; that he made the patterns, charged the price
of them to " E. Reynolds " on his books of account, and made
out and presented a bill for them to Reynolds in July 1867, when
Reynolds told him to make out the bill to " the said company ; "
that he did so, and presented the bill to Turner, the treasurer,
who said that " they were going to have a meeting and would
settle it up ; " that he afterwards called on Turner several times
for payment, and was " put off " by him; that he had never been
paid ; and that, " when the work was contracted for, he knew
only Reynolds, (who ordered it and contracted for it in his own
name, disclosing no other party,) and knew of no other party,
and charged it to him and looked only to him until he ordered
the bill made out to the corporation after the work had been
done."    The plaintiff's testimony as to conversations with Rey-
nolds about altering the bill, and as to dealings with Turner,
was admitted against the defendants' objection.    " There was
no evidence tending to show that the corporation, or any of its
'fficers, had the property or work made, or any benefit from it,

some newspaper printed in the town or county wherein such corporation is sit-
uated, and deposit with the secretary of the Commonwealth, a certificate setting
forth the corporate name and purpose of the association, the amount of the cap-
ital stock, the amount actually paid in, and the par value of the shares in the
corporation; and shall file a copy thereof with the clerk of the city or town
wherein the corporation is situated, to be by him recorded in a book kept for
the purpose.    Within thirty days after the payment of any instalment called
for by the directors, a certificate thereof shall be in like manner signed, sworn
to, deposited, filed, and recorded."

except the charges on the plaintiff's books, [of the work and materials to Reynolds,] or as to authority of Reynolds, or for whom he had the work done, except the above, or that any other regulators were contracted for."

" The defendants contended, on this evidence, that it was not shown that they were a corporation competent to contract debts or liable to be sued; and further, that there was no authority shown for Reynolds to act for them in contracting said bill, that the authority to contract was specifically for twenty-five regulators, while there were only patterns for four regulators, and no evidence that the work was done for the defendants in fact, or that Reynolds acted in the premises for the defendants and not for himself; and asked the judge to rule that on said evidence the plaintiff could not recover, as matter of law. The judge overruled all of said objections and points of law, ruling otherwise; and found, upon said evidence, that the work was actually done for the corporation, as a fact, and rendered a verdict for the plaintiff for the amount claimed." The defendants alleged exceptions.

*A. A. Ranney,* for the defendants.

*N. B. Bryant,* for the plaintiff, was stopped by the court.

COLT, J. This case was submitted to the court without a jury, and there was sufficient evidence to justify the finding that the work for which the plaintiff seeks compensation was actually done for the defendant corporation, under the direction of its agents, acting within the scope of their authority, either as officers having general charge of its affairs, or under the vote of the directors of April 9. It cannot be disturbed now as matter of law.

But it is contended that the Engine and Governor Company never had a legal existence as a corporation, for the reason that the original associates never so far complied with the provisions of the act relating to joint stock companies as to constitute themselves a body corporate. By the Gen. Sts. *c.* 61, corporations for manufacturing, mechanical and other purposes are allowed to be organized without special act of the legislature. By the first section, those who have associated themselves by

written agreement, and, in the language of the statute, have complied with the provisions of the chapter, shall be and remain a corporation. The chapter then contains numerous provisions among which are those which provide for calling the first meeting by notice, signed by one or more of the persons named in the agreement, and published in some newspaper printed in the county, and, in § 8, the requirement that, before the corporation commences business, certificates of its officers, setting forth the corporate name and other particulars, shall be deposited by them with the secretary of the Commonwealth, and published and recorded in the manner there indicated. In the case at bar, the certificates named in § 8 were never signed, published or recorded. All the acts of the association which in their order should precede them appear to have been regular and legal, and to have been proved by competent evidence. And, in the opinion of the court, this omission of the officers cannot be set up to defeat the plaintiff's right to recover.

All the provisions of the statute are to be construed together. By § 11, the officers of the corporation are made jointly and severally liable for all debts of the corporation contracted during the continuance of their neglect to perform the duties required by § 8. The company is required to file these certificates before it commences business, but the implication is unavoidable that there is a corporate existence which antedates the making of these certificates. The requisitions in regard to them are not, by a true interpretation of the statute, to be regarded as conditions precedent to the corporate existence. The organization must necessarily be completed before they can be made. The phrase in § 1, making the existence of the corporation dependent upon a compliance with the provisions of the whole chapter, means only those provisions which in terms or by reasonable implication precede its formation. The chapter is full of requirements which necessarily imply the previous creation of a corporate life.

In *Dooley* v. *Cheshire Glass Co.* 15 Gray, 494, it was held that a corporation organized under the joint stock act of 1851 was estopped to set up, in defence of an action, the falseness of a

certificate of its organization, filed by its officers, in compliance with the statute, in the office of the secretary of the Commonwealth. *Utley* v. *Union Tool Co.* 11 Gray, 139, was a case where it was sought to charge private stockholders, and it was held that the plaintiff must show the existence of articles of association in writing, and, failing to show that, he failed to show necessary steps to the assumption of corporate power. *Boston Acid Co.* v. *Moring*, 15 Gray, 212. *Newcomb* v. *Reed*, 12 Allen, 362. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282.

*Exceptions overruled.*