WALTER E. HAWES & another *vs.* ANGLO–SAXON PETROLEUM COMPANY & others.

Until the issue of certificates of stock to the members of a manufacturing corporation they own the stock in common, and therefore under the St. of 1862, *c.* 218, were all jointly and severally liable for a debt of the corporation contracted before the capital was paid in, although the corporation had voted to divide the capital stock into shares, and one at least of the members had agreed to take a certain number of shares.

GRAY, J. This is a bill in equity under the St. of 1862, *c.* 218, to charge certain persons as members or stockholders of a manufacturing corporation.

It has already been decided, that the corporation in question was a manufacturing corporation, within the scope of the statute ; that it had been duly organized so as to be capable of contracting debts ; that the individual defendants, at least if they held the whole of the stock in common and undivided, were liable for those debts ; and that the case should be referred to a master to ascertain the amount of the liability of each ; and the question of the amount of that liability was left open for further hearing before the master. 101 Mass. 385.

The case has now been argued upon exceptions taken by both parties to the master's report. Giving to the facts found by the master the construction most favorable to the defendants, it appears that a judgment was rendered and execution issued upon a corporate debt against the corporation, which neglected for

thirty days to pay the amount thereof, and the execution was returned unsatisfied ; that no capital stock was ever paid in ; that the individual defendants named in the bill were members and the only members of the corporation ; and that, although the corporation had voted that its capital stock should be divided into one hundred thousand shares of the par value of five dollars each, and one, at least, of the individual defendants had subscribed an agreement to take a certain amount of stock, yet no certificate of stock was ever issued to any one.

Until the issue of such certificates, the individual defendants were not the holders of any limited number of shares, but as members of the corporation must be deemed joint owners of the whole capital stock, and by the express terms of the second section of the statute, " jointly and severally liable for its debts ; " and " any such member or stockholder who pays, on a judgment or otherwise, more than his proportional share of any such debt, shall have a claim for contribution against the other members or stockholders."

If the fifth section, restricting the sum, which each stockholder shall be liable to pay, to " the amount of stock held by him " when the original suit was begun, regulates the amount for which a decree may be entered against him, still, as long as the capital stock had not been distributed into shares by the issue of certificates, and the individual defendants were therefore the joint owners of the entire stock, they held the whole and were jointly and severally liable to the entire amount.

The case of *Crease* v. *Babcock*, 10 Met. 525, differs from the present in at least two important particulars. 1st. The statute on which that suit was founded declared no joint liability, but only provided that " the holders of stock " should " be liable in their individual capacities," " in proportion to the stock they may respectively hold." Rev. Sts. c. 36, § 31. 10 Met. 556. 2d. The persons sought to be charged were not shown to be members of the corporation otherwise than by holding specific shares of stock.

For the reasons above stated, it is unnecessary to consider the other questions argued at the bar, the defendants' exceptions to

the master's report must be overruled, the plaintiffs' exceptior becomes immaterial, and there must be a

*Decree for the plaintiffs.*

*D. E. Ware,* for the plaintiffs.

*J. Lathrop & E. H. Abbot,* for some of the defendants.