AUGUR STEEL AXLE AND GEARING COMPANY *vs.* JOHN P.
WHITTIER.

Suffolk.    March 8. — April 1, 1875.    COLT & AMES, JJ., absent.

A corporation established by the laws of Connecticut brought an action in this Com-
monwealth to recover the value of goods consigned to the defendant before the fil-
ing of the certificate required by a statute of Connecticut to be filed with the sec-
retary of state before commencing business. The defendant asked the judge to
rule that for this reason the action could not be maintained; but the judge ruled
that if the corporation had been established in compliance with the laws of Con-
necticut, and was the owner of the goods at the time of the consignment, the fact
that the certificate had not then been filed would not defeat the action, if it had
been filed before the commencement of the action. The jury found for the plaintiff.
*Held,* that the ruling was correct, and that the defendant had no ground of ex-
ception.

In an action by a corporation to recover the value of goods alleged to have been con-
signed by it to the defendant, who denied having had any dealings with the cor-
poration, the plaintiff's treasurer testified that he wrote and mailed a letter, signed
by him as treasurer, to the defendant, who afterwards came to his office and said
he had come to see about the claim; that the defendant was notified to produce
the letter, but denied having received it. *Held,* that secondary evidence of its
contents was rightly admitted.

In an action by a corporation on an account annexed to recover the value of goods
consigned to the defendant, who denied having had any dealings with the cor-
poration, the plaintiff, at the close of the arguments, asked leave to file an
amended declaration, which alleged that the goods were consigned for sale, and
that the defendant undertook to sell and account for the same. The judge al-
lowed the amendment, and ruled that under the amended declaration the plain-
tiff could recover the amount received by the defendant from the sale of the
goods consigned to him, after deducting proper commissions. *Held,* that it was
within the discretion of the judge to allow the amendment, and that the ruling
was correct.

CONTRACT on an account annexed, the first item of which was,
" 1871. July 17. 1 carryall, consigned, $500.00." The last item
was, " 1871. September 12. 1 carryall, consigned, $500." The
other items were of intermediate dates, and similar in description.

The writ described the plaintiff as a corporation duly established by law, and doing business in New Haven, in the State of Connecticut. The answer specifically denied that the plaintiff was a corporation, and denied generally all the allegations of the declaration.

The amended declaration, hereinafter referred to, alleged that the plaintiff delivered to the defendant, to be sold by him, certain carriages of the kind, description and value stated in a schedule annexed; that the defendant undertook to sell said carriages of the plaintiff for hire, and render a reasonable account thereof to the plaintiff when requested thereto by the plaintiff; that the defendant thereafter sold said carriages and received therefor $2000; that the defendant had not rendered to the plaintiff any account of the sale of said carriages, nor paid any part of said $2000 to the plaintiff, although the plaintiff had requested an account and demanded payment of said $2000. The schedule annexed contained the same description of the goods, and their value, as the account annexed to the original declaration. The amended declaration also contained a count for money received by the defendant to the plaintiff's use from the sale of carriages consigned by the plaintiff to the defendant for sale.

Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to show on July 8, 1871, the organization of a corporation in its name under the laws of the State of Connecticut, passed in 1866; that it had a book of records and had sundry meetings subsequently to their organization; that on September 13, 1871, it filed in the office of the secretary of state the certificate required by law, dated August 31, 1871; that before this last date it had arranged to take the property and carriages of the Iron Age Carriage Co., a corporation established in Massachusetts, December 29, 1870, which was subsequently dissolved in July, 1872; that the carriages charged were manufactured by the Iron Age Co., and were consigned to the defendant by one Davis, who had been superintendent of the Iron Age Co. until its dissolution, and subsequently acted as assistant for the superintendent of the plaintiff company; that J. B. Augur and L. Batchelder also acted as

superintendents of the plaintiff, and had charge of the plaintiff's business.

The defendant admitted receiving the carriages, but contended and offered evidence tending to show that he received them from the Iron Age Co., whose property they were, through an arrangement made with Davis before July 17, 1871 ; and that he had no dealings with the plaintiff, and did not recognize the corporation as his creditor.

James M. Prendergast, called by the plaintiff, testified that he was the treasurer of the plaintiff company after January 11, 1872; that on February 14, 1873, he wrote a letter which he signed as such treasurer, and sealed it and posted it himself, post paid, directed to the defendant at Boston ; that subsequently the defendant came in and said he had come to see about the claim.   The defendant was notified to produce the letter, but he said he never received such a letter.   The plaintiff thereupon offered in evidence a letter-press copy of the letter, to which the defendant objected ; but the judge allowed the letter to be read to the jury, subject to the exceptions of the defendant.   The letter was as follows :   " 56 State Street, Boston, February 14, 1872.   John P. Whittier, Esq.   Dear Sir : I have called repeatedly at your former place of business on Tremont St., but could not find you.   If you will please call on me at my office Thursday or Friday between twelve and one o'clock you will greatly oblige yours very truly, Jas. M. Prendergast, Treas. Augur Steel and Gearing Co."

After the arguments were finished, the plaintiff asked the judge to allow him to file an amended declaration.   The defendant objected, as it raised new issues for the jury, upon which he desired to introduce further testimony.   The judge allowed the amendment, and said the defendant might then introduce further testimony and argue the case to the jury ; but the defendant stated he was not then prepared, and his principal witness had left the court room.   The judge allowed the amendment, and proceeded to charge the jury.

The defendant asked the judge to rule :   1. That the plaintiff, under the laws of Connecticut, could not carry on business until after the completion of its organization ; and from the certificate produced by the plaintiff, it appearing that the certificate was

not filed till September 13, 1871, it being after all the charges in the plaintiff's writ, the plaintiff cannot recover. 2. That in this form of action and on this declaration, the plaintiff cannot recover for any money proved to have been collected by the defendant on the sales of the carriages. It can only recover for the articles upon the dates they were consigned and for their values at that time less a reasonable commission.

The judge instructed the jury, that if the plaintiff corporation had been formed, organized and established in compliance with the laws of the State of Connecticut, and it was the owner of the property sold or consigned to the defendant at the time of the sale or consignment, and had before the time of commencing this action filed the certificate with the secretary of the State of Connecticut, required by the statute of Connecticut to be filed, the fact that it was not filed prior to the sale or consignment would not prevent the maintenance of this action.

The judge declined to give the second instruction asked for, but ruled that, under the amended counts, the plaintiff could recover for the moneys collected by the defendant from the sales of the carriages, if consigned to him by the corporation for sale, less a proper commission. The jury found for the plaintiff, and the defendant alleged exceptions.

*J. Nickerson*, for the defendant.

*G. A. Somerby*, for the plaintiff.

MORTON, J. The plaintiff is a corporation established by the laws of Connecticut. In order to prove its existence as a corporation, which was put in issue by the pleadings, it among other things put in evidence the certificate of the president and directors, which is required by the laws of Connecticut to be deposited with the secretary of state before the corporation shall commence business. Gen. Sts. Conn. 1866, tit. 7, c. 7, § 401.

It appearing that this certificate was not deposited until after the goods in suit were sold or consigned to the defendant, his counsel asked the court to rule that for this reason the plaintiff could not recover. The court refused so to rule, but instructed the jury that if the plaintiff corporation had been formed, organized and established in compliance with the laws of the State of Connecticut, and was the owner of the property sold or consigned to the defendant at the time of the sale or consignment,

the fact that the certificate had not then been filed would not defeat the action, if it had been filed before the action was commenced. This ruling was correct. Under similar provisions of the statutes of this Commonwealth, it has been held that the filing of such certificate is not a condition precedent to the legal existence of the corporation. *Merrick* v. *Reynolds Engine Co.* 101 Mass. 381. *Hawes* v. *Anglo-Saxon Petroleum Co.* 101 Mass. 385. Whether such is the law of Connecticut is, strictly speaking, a question of fact which, if material, should have been submitted to the jury. But it was not material. The verdict of the jury settles that the corporation was duly formed and organized in compliance with the laws of Connecticut in every respect except the filing of this certificate, and that the defendant dealt with it as a corporation. If it be assumed that until the filing of this certificate, the corporation had not the power to sue and to transact business, it does not follow that this action cannot be maintained. Upon filing the certificate, and thus completing the organization of a legal corporation, the title to the goods sold or consigned to the defendant or to their proceeds would vest in the corporation, which would then have the right to maintain a suit for them.

The other exceptions taken by the defendant cannot be sustained. There was sufficient foundation for the admission of secondary evidence of the contents of the letter of the treasurer of the plaintiff. It was within the discretion of the court to allow the amended declaration to be filed, and the ruling that under it the plaintiff could recover the amount received by the defendant from the sale of the goods consigned to him after deducting proper commissions, was correct.

*Exceptions overruled.*