FIRST NATIONAL BANK OF SALEM *vs.* JAMES F. ALMY
& others.

Essex.   Nov. 5, 1874. — May 8, 1875.   AMES & DEVENS, JJ., absent.

Members of a corporation to whom a certificate of organization as a corporation has been issued by the Secretary of the Commonwealth in accordance with the St. of 1870, *c.* 224, are not liable as partners, by reason of having transacted business before the whole of the capital stock has been paid in, in violation of § 32, of that statute.

CONTRACT upon a promissory note for $1300, signed by " The Salem and New York Express Steamship Corporation by J. H. Webb, Trs.," payable to the order of the corporation three months after date, and indorsed to the plaintiff.   The case was heard in this court upon the following agreed facts:

On May 31, 1871, John Daland, Walworth S. Crane, Willard P. Phillips, Charles H. Price and others, associated themselves together, by an agreement in writing, with the intention of organizing a corporation under the St. of 1870, *c.* 224, to be established at Salem, for the purpose of doing business as a common carrier between the cities of Salem in this Commonwealth, and New York, by the name of " The Salem and New York Express Steamship Corporation," with a capital of $35,000, to be divided into three hundred and fifty shares of the par value of $100 each.

A meeting for the purpose of organizing such corporation, and the transaction of any other business connected therewith, was held upon May 8, 1871, at which a board of seven directors, a clerk and treasurer, were duly chosen, and by-laws were adopted. On July 17, 1871, a certificate was made, signed and sworn to by the president, treasurer and a majority of the directors, setting forth a true copy of the agreement of association, and the names of the subscribers thereto, the date of the first meeting and the adjournment thereof.   This certificate, together with the records of the corporation up to that time, was submitted to the commissioner of corporations, and the same were duly approved by him, and on July 19, 1871, the Secretary of the Commonwealth issued to the corporation a certificate of its organization and establishment.

The full amount of $35,000, or three hundred and fifty shares named and fixed in the said agreement of the company, was

never subscribed, but only the sum of $25,700, or two hundred fifty-seven shares, and of the amount subscribed only $25,600 was ever paid in. The corporation commenced business before the full amount of the capital stock was subscribed, and before the full amount had been paid in, no certificate according to the St. of 1870, *c.* 224, § 32, having then or since been filed.

Certificates were duly made and filed in 1872 and 1873, in accordance with the provisions of § 33, of the said act. Upon June 22, and before the capital stock had been fully paid in, the corporation commenced a negotiation for the purchase of a steamship, and paid certain moneys on account thereof. All the defendants named in the plaintiff's writ subscribed for stock in the corporation.

The consideration for the note declared on was the furnishing of provisions to the corporation for use upon its steamships in the prosecution of the business thus commenced; and the note was duly indorsed to the plaintiff by the payee.

The plaintiff contends that the defendants were prohibited by statute from doing business as a corporation at the time that the indebtedness, for which this note was given, was incurred; and that the defendants are liable to the plaintiff as partners. The defendants object to the introduction of any of said facts in evidence, and deny that they are liable in any way to the plaintiff.

If upon these facts, or such of them as may be competent, the plaintiff can maintain its action, judgment is to be rendered for it against such of the defendants as have signed this statement: if not, then judgment for the defendants.

*J. W. Perry & S. B. Ives, Jr.*, for the plaintiff.

*J. A. Gillis*, for the defendants.

GRAY, C. J. The defendants having associated themselves together by an agreement in writing, setting forth their intention to constitute a corporation, the name, purpose and location thereof, the amount of its capital stock, and the number and par value of its shares; the officers, chosen at a meeting duly called for the purpose, having submitted to the commissioner of corporations a certificate setting forth a true copy of that agreement and the date of that meeting, together with the records of the corporation; and that certificate having been approved by the commissioner and filed in the office of the Secretary of the Common-

wealth, and a certificate issued by him of the organization and establishment of the corporation; the defendants became a corporation, and the certificate of the Secretary of the Commonwealth had the force and effect of a special charter from the Legislature, and was conclusive evidence of the organization and establishment of the corporation. St. 1870, c. 224, §§ 1, 6–11, 30.

Section 32 of that statute, prohibiting the corporation from transacting business until the whole amount of the capital stock had been paid in in cash and a certificate of that fact filed in the office of the Secretary of the Commonwealth, would not prevent an action from being maintained and judgment rendered against the corporation, upon a debt contracted before the filing of such a certificate; and the associates and members of the corporation can be sued upon such a debt only in equity, and after the recovery of judgment against the corporation, as provided in §§ 39–47. *Merrick* v. *Reynolds Engine & Governor Co.* 101 Mass. 381. *Hawes* v. *Anglo-Saxon Petroleum Co.* Ib. 385, and 111 Mass. 200. *Priest* v. *Essex Hat Manuf. Co.* 115 Mass. 380. *Pollard* v. *Bailey*, 20 Wall. 520.

Even if the organization of the corporation had been defective, there would have been great difficulty in holding the associates to be subject to the liability of copartners, which they never intended to assume. *Fay* v. *Noble*, 7 Cush. 188. *Trowbridge* v. *Scudder*, 11 Cush. 83.

The case wholly differs from that of a limited partnership under the Gen. Sts. c. 55, where the associates intend to form a partnership of some kind, and the statute expressly provides that, if the requisite certificate is not filed and published, all shall be liable as general partners for the debts of the partnership. *Pierce* v. *Bryant*, 5 Allen, 91. *Lancaster* v. *Choate*, Ib. 530. *Haggerty* v. *Foster*, 103 Mass. 17.

*Judgment for the defendants.*