CHASE'S PATENT ELEVATOR COMPANY *vs.* BOSTON TOW-BOAT COMPANY.

Bristol.    October 24, 1889. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Corporation — Paying in of Capital Stock — Filing of Certificate.*

A contract made by a manufacturing corporation, in the course of its business, before its capital stock has been paid in and a certificate of that fact filed, is not rendered void by the Pub. Sts. c. 106, § 46, forbidding a corporation to "commence the transaction of the business for which it was organized" until those things are done.

CONTRACT, upon a written agreement, by which the plaintiff was to furnish to the defendant an elevator for delivering coal. In the Superior Court a demurrer to the plaintiff's replication was sustained, and judgment ordered for the defendant; and the plaintiff appealed. The facts appear in the opinion.

The case was argued at the bar in October, 1889, and afterwards was submitted, on the briefs, to all the judges.

*J. F. Jackson*, for the plaintiff.

*W. S. Rogers*, for the defendant.

HOLMES, J. This is an action for the price of an elevator furnished to the defendant by the plaintiff, under a written agreement. The answer alleges that, at the time of its making and performing the agreement, the plaintiff's capital stock had not been paid in, and a certificate of the payment, etc. had not

been filed, as required by the Pub. Sts. c. 106, § 46, which forbids a corporation to "commence the transaction of the business for which it was organized" until those things are done. The replication alleges, that before the contract and sale a certificate of organization had been issued, and a large part of the stock paid in, that shortly afterwards the stock was paid in in full, and that a certificate was filed before the date of the writ. There is a demurrer to the replication, on which the Superior Court ordered judgment for the defendant.

A majority of the court are of the opinion that the demurrer must be overruled, on the ground that the facts alleged in the answer are no defence. In other words, we are of opinion that § 46 of chapter 106 of the Public Statutes, just referred to, when construed with the rest of the chapter, and in the light of former decisions, cannot be taken to make the contract void.

By § 61 of the same chapter, the "stockholders in any corporation which is subject to this chapter shall be jointly and severally liable for its debts or contracts in the following cases. . . . First, for such as may be contracted before the original capital is fully paid in," etc. By § 62, their liability is made conditional upon the recovery of a judgment against the corporation. It is expressly contemplated, therefore, that a corporation may make contracts before complying with § 46 upon which a judgment may be recovered. It cannot be maintained that the contracts for which the corporation, and, secondarily, the stockholders, are thus liable, are confined to contracts outside of its business, and so not within the scope of § 46. Such a limitation would be in the face of the obvious purpose to protect the public which is shown by the first clause of § 61. Some of the contracts mentioned, for instance those in the fourth clause (debts to operatives), are plainly contracts made in the course of business; yet they fall under the words "debts or contracts," at the beginning of the section, so that those words would have to be read as meaning two different things at once, as applied to the different clauses, in order to make the supposed limitation possible. The words are substantially the same that were used when corporations could begin business before the whole amount of their stock had been paid in. Gen. Sts. c. 60, § 17. At that time, of

course, they extended to contracts in pursuance of ·the business for which the corporation was organized, as was assumed by the cases. *Merrick* v. *Reynolds Engine & Governor* Co. 101 Mass. 381. *Hawes* v. *Anglo-Saxon Petroleum Co.* 101 Mass. 385, and 111 Mass. 200. *Augur Steel Axle & Gearing Co.* v. *Whittier*, 117 Mass. 451. There is no reason for construing them differently now, and it has not been suggested that they have not the same extent as before in the cases which have arisen since the· St. of 1870, c. 224, now embodied in the Pub. Sts. c. 106. *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563. See *Kelley* v. *Newburyport & Amesbury Horse Railroad*, 141 Mass. 496. It follows, that if the parties to this action were reversed, and the defendant was the one who relied on the contract, § 46 would not prevent a recovery.

If, then, the contract sued upon bound the plaintiff, it would be entirely anomalous to hold that the defendant was free. The general rule is, that when a contract is made void by a prohibition, it is void against both sides. *Cranson* v. *Goss*, 107 Mass. 439, 440. The defence of *ultra vires*, in the sense that the contract was illegal or prohibited, has been set up by corporations so much oftener than against them, that it is hard to find cases· of the latter sort, whereas if either party were to be precluded from it, it would be the corporation. It may be worth noticing, however, that the decisions assume that, if it is a defence to the corporation, it is a defence to the other party. *South Wales Railway* v. *Redmond*, 10 C. B. (N. S.) 675. *Callaway Mining & Manuf. Co.* v. *Clark*, 32 Misso. 305, 308. *Rutland & Burlington Railroad* v. *Proctor*, 29 Vt. 93, 96. *Rock River Bank* v. *Sherwood*, 10 Wis. 230. The same principle was recognized in the cases concerning prohibited insurance relied on by the defendant. *Williams* v. *Cheney*, 3 Gray, 215, 222. *Jones* v. *Smith*, 3 Gray, 500, 501. *Provincial Ins. Co.* v. *Lapsley*, 15 Gray, 262, 263. *Washington County Ins. Co.* v. *Hastings*, 2 Allen, 398, 400. *National Ins. Co.* v. *Pursell*, 10 Allen, 231, 232.

If a corporation makes such a contract as this before its capital stock is fully paid in, the result of §§ 46 and 61 is not that it is void as against both contractors, nor that it binds the corporation and is void as against the other party, but simply that the personal liability of the members of the corporation takes the

place of what has not been paid in upon the stock, as security to the other party.

By the Gen. Sts. c. 61, § 8, the officers of the corporations there mentioned were required to publish certificates similar to that now required, but of less scope, "before such corporation commences business." This plainly means, that such corporation shall not commence business until the certificate is published. But it was decided that that section did not prevent the corporation from recovering upon a contract made before the certificate was published. The discussion was directed mainly to showing that the corporation existed before the filing of the certificate; but one ruling asked was a general one that the plaintiff could not recover, and it is said that, "in the opinion of the court, this omission of the officers cannot be set up to defeat the plaintiff's right to recover." *Merrick* v. *Reynolds Engine & Governor Co.* 101 Mass. 381, 384. A similar decision was made with regard to a similar statute of Connecticut. *Augur Steel Axle & Gearing Co.* v. *Whittier*, 117 Mass. 451.

The act of 1870 was passed just after the decision in *Merrick* v. *Reynolds Engine & Governor Co.* It was very plain from the language of that case which we have quoted, that this court did not regard the Gen. Sts. c. 61, § 8, as invalidating contracts made before the certificate was published. If the Legislature had intended to change the law in that respect, it would have been likely to mark its intention by some greater change than that from "Before such corporation commences business, the president . . . shall," to "No corporation . . . shall commence the transaction of the business . . . until." St. 1870, c. 224, § 32. Pub. Sts. c. 106, § 46.

It is suggested that, although the public are protected by the liability of the stockholders until the stock is paid in, they are not protected afterwards in case of a failure to file the certificate. But if the stock is paid in in fact, the public have all the security to which they are entitled. The certificate does not protect them, it protects the stockholders if any one. Pub. Sts. c. 106, § 59. *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563, 569, 570. *Stedman* v. *Eveleth*, 6 Met. 114. Perhaps it was partly in recognition of this fact that the former liability of members until the certificate was filed, even if the stock had

been paid in, (Gen. Sts. c. 60, § 17, c. 61, § 5,) was dropped in the St. of 1870, c. 224, § 39, and the Pub. Sts. c. 106, § 61.

The prohibition against commencing business is somewhat more vague than the specific prohibition of certain contracts of insurance by foreign companies in the Pub. Sts. c. 119, § 197; and it is noticeable that even in the latter case, where the prohibition was carried to its logical conclusion and was held to make the prohibited contracts void, the Legislature corrected it. Sts. 1851, c. 331, § 6; 1852, c. 311, § 8; 1854, c. 453, § 36; 1856, c. 252, § 49. Gen. Sts. c. 58, § 72. Pub. Sts. c. 119, § 200. See also *Libby* v. *Downey*, 5 Allen, 299; St. 1863, c. 171.

Taking all that we have said into account, we do not think that the Legislature intended, or that the words of the statute mean, that if a corporation makes a contract in contemplation of beginning business as soon as it has filed a certificate, the contract shall be void, even if making the contract is itself in a sense beginning business. See *Cooper Manuf. Co.* v. *Ferguson*, 113 U. S. 727. The fact that the contract is performed before the statute is satisfied does not alter the case. The validity of the contract is determined at the time when it is made. See further *Bowditch* v. *New England Ins. Co.* 141 Mass. 292.

*Demurrer overruled.*