WALDO B. FAY & another, executors, *vs.* BOSTON AND WORCESTER STREET RAILWAY COMPANY.

SAME *vs.* JAMES F. SHAW & another.

Worcester.    September 30, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Railroad.   Street Railway.   Fire.*  *Pleading, Civil,* Declaration, Demurrer. *Practice, Civil,* Amendment.   *Res Judicata.*

The liability imposed by R. L. c. 111, § 270, upon a railroad corporation or street railway company for damages caused by fire communicated by its locomotive engines does not apply to damages caused by a fire communicated by a locomotive engine while used upon a track in constructing the railway of a street railway corporation.

On a demurrer to a declaration in an action against a street railway company under R. L. c. 111, § 270, for damages caused by fire communicated by a locomotive engine of the defendant, the court found it unnecessary to decide whether, under the definition of a street railway in R. L. c. 111, § 1, as a railway "operated

———

by motive power other than steam," it could have been assumed that the use of a locomotive engine upon a street railway within the meaning of R. L. c. 111, § 270, was authorized under R. L. c. 112, § 51, without an averment that express authority was given to the railway company by the board of aldermen of a city or the selectmen of a town to use steam as a motive power, because the case was disposed of on another ground and also because by St. 1906, c. 463, Part III. § 35, street railway companies no longer are allowed to use steam as a motive power.

It is within the discretion of a judge who has sustained a demurrer to a declaration to decide whether the plaintiff shall be allowed to amend his declaration after the decision against him.

A defence of *res judicata,* depending on facts which do not appear in the declaration or in the record of the case, cannot be made by demurrer but must be stated in a plea or answer.

Two ACTIONS OF TORT, the first, originally brought by J. Henry Robinson, late of Southborough, and afterwards prosecuted by the executors under his will, against the Boston and Worcester Street Railway Company, a corporation, and other parties as against whom the plaintiff afterwards discontinued the action, and the second by the same executors against James F. Shaw and Edward P. Shaw, copartners doing business under the name of James F. Shaw and Company, to recover for the destruction by fire of woods and standing timber on land of the plaintiff. Writs dated respectively January 28, 1904, and October 21, 1905.

The cases were argued together before this court on appeals from judgments for the defendants made in the Superior Court by *Fessenden,* J., sustaining the demurrer of the Boston and Worcester Street Railway Company to the seventh, eighth and ninth counts in the first case, and the demurrer of the partners constituting the firm of James F. Shaw and Company to the first, second and third counts in the second case. In each case the plaintiffs filed a motion to amend their declaration. Each of these motions was denied by the judge, and the plaintiffs appealed from the orders denying them.

The seventh count of the declaration demurred to in the first case was as follows :

" Seventh Count. The plaintiffs say that their testator, J. Henry Robinson, was the owner in the month of May, 1903, and before and after that time down to the time of his death, of a tract or tracts of woodland situated in part in Southborough, in the county of Worcester, and in part in Westborough, in said

county, covering an area of about seventy acres, and being situated near to the location of the defendant, the Boston and Worcester Street Railway Company, said street railway company was at that time engaged in the construction of a street railway on and over its location within said towns aforesaid. Said location was in part over private land acquired by said street railway company. While the said street railway was in process of construction near to the said land of the plaintiffs' testator, on or about the 23d day of May, 1903, fire was communicated from a locomotive engine or engines operated upon and over said location to the aforesaid woodland of the plaintiffs' testator, and the timber and wood thereon was destroyed and the land greatly damaged, and profits on the sale of wood, which would have thereafter accrued but for said fire, were lost to the plaintiffs, and much other damage done by said fire. And plaintiffs' testator was at all times in the exercise of due care."

The eighth count described the cause of the fire as follows :

" While the said street railway was in process of construction near to the said land of the plaintiffs' testator, on or about the 23d day of May, 1903, fire was communicated from a locomotive engine or engines operated upon and over said location by the defendant, or so operated by James F. Shaw and Company, a firm engaged in constructing the line of street railway, by and with the knowledge and consent of the defendant, to the aforesaid woodland of the plaintiffs' testator."

The ninth count described the cause of the fire as follows :

" While the said street railway was in process of construction near to the said land of the plaintiffs' testator, on or about the 23d day of May, 1903, fire was communicated from a locomotive engine or engines owned by James F. Shaw and Company, a firm engaged in constructing the street railway and operated upon and over said location by said firm with the knowledge and consent of the defendant, to the aforesaid woodland of the plaintiffs' testator."

In the second case the first count described the cause of the fire as follows :

" While the said street railway was in process of construction near to the said land of the plaintiffs' testator on or about the 23d day of May, 1903, fire was communicated from a locomotive

engine or engines operated upon and over said location by the defendants, their agents or servants, engaged in the construction of said street railway under a contract with the Boston and Worcester Street Railway Company, to the aforesaid woodland of the plaintiffs' testator."

The second count described the cause of the fire as follows :

" Said street railway company was, in the month of May, 1903, engaged in the construction of its line of railway on and over its location within said towns aforesaid.  And said street railway company, by written contract, had employed the defendants to construct its line, and while the street railway was in process of construction near to the said land of the plaintiffs' testator, on or about the 23d day of May, 1903, fire was communicated from a locomotive engine or engines owned by the defendants, and operated by them upon and over said location of the Boston Street Railway Company, the said operation of said locomotive engine or engines being with the knowledge and consent of the Boston and Worcester Street Railway Company, to the aforesaid woodland of the plaintiffs' testator."

The third count described the cause of the fire as follows :

" And said street railway company, by written contract, had employed the defendants to construct its line, and while the street railway was in process of construction near to the said land of the plaintiffs' testator, on or about the 23d day of May, 1903, fire was communicated from a locomotive engine or engines operated by the defendants over said location or a part thereof. And said locomotive engine or engines were much worn, old and out of repair, inadequate and unsafe to be used at the point where they were used in construction work, because of their tendency to emit and throw great quantities of sparks upon the combustible material which lay near to the line of street railway. And by reason of the negligence of the defendants, their servants and agents, in permitting the use of said improper and defective locomotive engines at such a time and place, or by reason of the negligence of the defendants, their agents and servants, in failing to properly inspect or equip with modern appliances in order to prevent the emission of sparks, fire was communicated from such engine or engines to the aforesaid woodland of the plaintiffs' testator."

The demurrer to the third count was as follows:

" 4. So far as one or all of the counts in the plaintiffs' declaration are based upon negligence of the defendants, or upon any theory or provision of law other than the fire statute, the plaintiffs cannot maintain this action since, as appears from the records of this court, all the matters and things set forth in the plaintiffs' declaration have been heretofore adjudicated between the plaintiffs and the present defendants in this court.  The records of this court show that the plaintiffs' present cause of action was tried out between the present plaintiffs and the present defendants before a jury in this court in March, 1905; that said jury returned a verdict for the defendants; that on the 25th day of October, 1905, while said verdict was still subsisting, the plaintiffs discontinued their said suit as against these defendants, James F. Shaw and Edward P. Shaw, and thereupon, on the 6th day of November, 1905, said defendants recovered judgment against the plaintiffs in the sum of thirty-eight dollars and sixty-two cents ($38.62) for costs of suit, which said judgment is now valid and in full force."

*H. R. Scott*, for the plaintiffs.

*G. Murchie*, for the defendants.

KNOWLTON, C. J.  The most important question in these two cases involves an interpretation of the R. L. c. 111, § 270, which creates an absolute liability, on the part of railroad corporations, for damages to property by fire communicated by their locomotive engines.  The plaintiffs' tract of woodland is alleged to have been injured by fire from an engine, used upon a track in the construction of a street railway for the defendant in the first action, by contractors who are the defendants in the second action.  We are called upon to determine the meaning of the statute in its application to cases of this kind.

The first enactment touching the subject was in the St. 1837, c. 226, §§ 6–10, which changed the common law by putting upon a railroad company the burden of showing that it had used " all due caution and diligence," if it would relieve itself from liability for damages from a fire communicated by one of its locomotive engines.  By the St. 1840, c. 85, § 1, this liability was made absolute.  In the St. 1864, c. 229, § 34, the liability was extended to street railway companies.  Except as

there have been changes in the law relative to street railways, the provision has remained without material change since 1840.

It is contended by the defendants that the language of the statute, when construed in connection with the conditions to which it relates, applies only to locomotive engines used upon a completed railroad or railway, in the exercise of a franchise which subjects property along the railroad to peculiar dangers. The argument is that it was never intended to change the law relative to a liability for injuries done in the construction of railroads; that, ordinarily, the peculiar dangers on account of which the statute was enacted would not arise in any considerable degree, if at all, in the construction of a railroad, and that the statute was not directed to possible dangers so arising, for which the rule of the common law making parties liable for the consequences of their negligence is equitable and sufficient.

There is much to indicate that this contention is correct. The language of the original statute, which refers to a ".fire communicated by a locomotive engine of any railroad corporation," seems to contemplate a corporation using engines upon a completed railroad, under its franchise. In the next section the corporation is given an insurable interest in property "along its route," which implies that it has a route, that is, a recognized course or way travelled over. The exercise of its franchise by the frequent passage of -ordinary locomotive engines over a railroad creates danger which justifies an unusual provision for the protection of property owners along its line. This is the danger which moved the Legislature to enact the law. It is a danger which does not exist until the road is completed and in use. The possibility that some kind of a steam engine may be used in the work of construction, and that a spark may be emitted from it, can hardly be considered a danger to which the statute was directed.

The opinions of this court, although not decisive of the precise question before us, tend strongly to support the contention of the defendants. In *Hart* v. *Western Railroad*, 13 Met. 99, 104, Chief Justice Shaw said: "Railroad companies acquire large profits by their business. But their business is of such a nature as necessarily to expose the property of others to danger. . . . The manifest intent and design of this statute, we

think, and its legal effect, are, ·. . . to afford some indemnity against this risk to those who are exposed to it, and to throw the responsibility upon those who are thus authorized to use a somewhat dangerous apparatus, and who realize a profit from it." Chief Justice Bigelow expressed a similar conclusion in *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87, 90. In *Ingersoll* v. *Stockbridge & Pittsfield Railroad*, 8 Allen, 438, the court gave as a reason for holding the defendant liable, that the engine " was running upon the defendant's road, with their consent, in the transaction of the business for the accommodation of which their franchise was conferred." In *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420, 423, the object of the statute is said to be to afford protection and indemnity to owners of property " against the dangers to which it is necessarily exposed from the conduct of the business which the railroad corporation is authorized by law to carry on for the benefit of the public and its own profit." Similar language is used in *Wall* v. *Platt*, 169 Mass. 398, 401, where the court enforced the liability against receivers in possession of a railroad, and gave as a reason, that " the mischief for which the statute is designed to provide a remedy is as incident to the operation of the road in their hands as in those of the corporation." All of these cases recognize the fact that the statute was intended to give indemnity for risks resulting from the maintenance and operation of a completed railroad in actual use, rather than risks arising in the construction of a railroad. We are of opinion that the use of the engine in building the street railway did not create a liability under this statute.

It is also contended that, under the definition of a street railway in the St. 1898, c. 578, § 1, and in the R. L. c. 111, § 1, as a railway " operated by any motive power other than steam," it is not to be assumed that the use of a locomotive engine upon a street railway is authorized by law or included within the provision of the R. L. c. 111, § 270, unless it is averred that express authority was given by the selectmen of the town to use steam as a motive power under the R. L. c. 112, § 51. The declarations in these cases contain no such averment. In view of our conclusion upon the other branch of the case, and of the fact that, under the St. 1906, c. 463, Part III. § 35, street railways

are no longer allowed to use steam as a motive power, we do not deem it necessary to consider the question presented by this contention.

The refusal to allow the amendments was within the discretion of the judge. *Payson* v. *Macomber*, 3 Allen, 69. *Augur Steel Axle & Gearing Co.* v. *Whittier*, 117 Mass. 451, 455. *Barlow* v. *Nelson*, 157 Mass. 395. The judge well might refuse to allow them on the ground that they were immaterial, and for other reasons.

The demurrer to the third count of the declaration in the second case is founded on facts averred in the demurrer which do not appear in the declaration or in the record of the case. This part of the demurrer is in substance a plea of *res judicata.* This count is good at common law, and the defence relied upon cannot be made by a demurrer, but should be stated in a plea or answer. The demurrer to this count was sustained erroneously.

The judgment in the first action is affirmed, and in the second action the order sustaining the demurrer is affirmed as to the first two counts, and reversed as to the third count.

*So ordered.*