ALDEN B. WESTON *vs.* GERSHOM B. WESTON & others.

A. demised a messuage to B. for the winter at a certain yearly rent, payable quarterly and soon after the end of the three months wrote to B. that he could allow him to remain only for a short time on sufferance, to leave at a day's notice. *Held,* that B. was bound to pay rent at the agreed rate until he left, although rent at that rate was more than the occupation of the premises was reasonably worth.

The owner of a house and barn put up in the house several marble slabs, laid upon but not fastened to brackets screwed into the walls, and also in 1855 placed in the cupola of the barn a bell, hung on an axle resting upon a wooden frame, which was placed on the platform of the cupola and secured to it by cleats fastened by nails. In 1864 he conveyed the house and barn, but remained in possession as tenant of his grantee. *Held,* that, on leaving the premises in 1867, he might remove the slabs, but not the bell.

In the fees for serving an execution for possession of land, an officer cannot include a charge for "assistance," or for "extra time and trouble;" nor, unless he makes the certificate required by the St. of 1864, *c.* 274, can he be allowed for the use of a horse and carriage.

CONTRACT on a recognizance, dated July 25, 1865, entered into by Gershom B. Weston as principal, and the other defendants as sureties, in accordance with the Gen. Sts. *c.* 137, § 9, in an action brought before a justice of the peace, on June 8, 1865, by this plaintiff, under the provisions of said chapter, against said Gershom B. Weston, to recover possession of a messuage in Duxbury, in which action judgment for possession was rendered by the justice, and on the defendant's appeal to the superior court the judgment was affirmed, and possession was given to the plaintiff on execution January 9, 1867.

In the present action, the defendants submitted to be defaulted in the superior court, and the case was sent to an auditor for assessment of damages. The material part of the auditor's report, (which the parties agreed might be taken as an agreed statement of facts,) was substantially as follows:

Gershom B. Weston, being the owner of the premises, conveyed them, immediately before January 1, 1865, to the plaintiff, who thereupon leased them to him, and he continued to occupy them. The auditor found that "there was a special agreement between the plaintiff and Gershom B. Weston tha the rent of said premises for the winter of 1865 should be at the rate of $350 the year, payable quarterly; that it was not proved

that there was any express agreement between the plaintiff and Gershom B. Weston as to what should be paid for rent after that time ; " that " a fair rent for the premises was at the rate of $200 the year ; " and that all the evidence upon any agreement between the plaintiff and Gershom B. Weston was contained in the following correspondence between them :

On January 31, 1865, the plaintiff wrote : " I mentioned to you about rent some time since, and you replied you would let me know in a few days whether you would like to rent house or not." " You can occupy the house and barn this winter, if you wish, by paying therefor at rate of $350 per year, payable quarterly." On February 1, this reply was made : " I have received your letter, and should like to occupy the house and barn this winter, and will pay you the rent you demand, if I can find employment to do so." " If you want me to move I will do so. I can say no more. Please inform me of your decision." Thereupon, on February 3, the plaintiff wrote : "You can remain in the house this winter, upon the terms which I mentioned."

On April 3, the plaintiff wrote : " I send you bill of rent, which please pay. I also inform you that I shall take the hay and fruit from the place this coming summer." This letter inclosed the following bill : " Duxbury, March 31, 1865. G. B. Weston to A. B. Weston, Dr. For one quarter's rent of house and barn, at $350 per year, $87.50."

On April 10, Gershom B. Weston replied : " I have your bill for rent. I regret to say that it is out of my power to pay it at present, but will do so as soon as I possibly can. You name you shall take the fruit and hay from the place this summer. I was in hope you would have let me had the improvement of the place this year, as I should not in all probability reside in Duxbury any longer than this year. It would be a great accommodation to me to have it this year, as I have quite a quantity of manure, and will, as soon as I possibly can do so, pay you a fair rent for the premises, as I am expecting a situation that will enable me to do so." " I am expecting something that I can do, and be able to pay you a rent for the place, but would do so now if 1 could."

Thereupon, on the same day, the plaintiff wrote : " I have your letter of this date. Have only to say, as I informed you that I shall take the hay and fruit this summer." " As for your remaining in the house this year, I cannot consent to it, as I wish to make some arrangement with it, and the short time you remain will be only on sufferance, to move at a day's notice any time, whenever I wish you to do so and give you this notice. Shall also want prompt payment of rent for the time you remain." " You say you have some manure. I should like to have it, and let it go towards the quarter's rent due."

The defendants admitted that Gershom B. Weston was bound to pay rent from January 1 to March 31, 1865, at the rate of $350 a year; but contended that after that time he was bound to pay only what the premises were reasonably worth.

Gershom B. Weston, when owner of the premises, placed in the house six marble and ten imitation-marble slabs, on brackets; and in a barn on the premises he placed a bell; the slabs and bell were on the premises when they were conveyed to the plaintiff and leased to Gershom B. Weston; and after judg- ment for possession had been rendered against Gershom B. Weston, but before possession had been given under the exe- cution, he removed the slabs and the bell from the premises.

The evidence on the question whether the slabs and bell were fixtures was substantially as follows :

" The slabs were put up on brackets, after the house was built and completed, and when the furniture was put in. Some of the shorter ones were not put up till a year or more afterwards. The brackets were screwed to the plaster walls of the rooms, after they were papered, and the slabs were laid upon the brack- ets, and not fastened to them. There were two marble slabs in the drawing room, about five feet long; two under the pier- glasses, about three feet long; and two imitation-marble in the front room, one in the dining room, one in each chamber, and two of white marble in the hall up stairs, about two and a half feet long.

" The bell was formerly in the workshop of E. Weston & Sons in Duxbury. It was hung upon an axle, which rested

upon a wooden frame. About the year 1855, Gershom B. Weston took the bell and frame from the workshop, and placed them in the cupola of the barn. The frame was placed upon the platform, in the cupola, and secured by cleats at each end, fastened with nails. The bell hung upon an axle; the axle rested upon the frame, and was fastened to the frame by a hasp; and the hasp went over a staple, which was made fast to the frame. The axle was not fastened to the cupola, but to the frame."

The fees charged by the officer in his return of the execution for possession were for "service, .50; twelve miles travel, .96; cash for assistance, $23.90; extra time and trouble, $32.75; horse and carriage, $2.00; total, $60.11;" and the officer made oath to a certificate that "the expenses, taxed by me as above, were actually incurred, and are just and reasonable."

On the return of the auditor's report, in the superior court, *Pitman*, J., ruled, 1st. that rent was due at the rate of $350 a year from January 1, 1865, until the plaintiff was put in possession; 2d. that the slabs were fixtures; 3d. that the bell was not a fixture; and 4th. that the charges of the officer for assistance, for extra time and trouble, and for a horse and carriage, must be disallowed. The plaintiff alleged exceptions to the third and fourth rulings, and the defendants to the first and second.

*C. A. Welch*, for the plaintiff, to the point that the slabs were fixtures, cited *D'Eyncourt* v. *Gregory*, Law Rep. 3 Eq. 382; *Snedeker* v. *Warring*, 2 Kernan, 170; *Johnson* v. *Wiseman*, 4 Metcalfe, 357; *Winslow* v. *Merchants' Insurance Co.* 4 Met. 306; *Bliss* v. *Whitney*, 9 Allen, 114; *Bainway* v. *Cobb*, 99 Mass. 457; 2 Smith Lead. Cas. (6th Am. ed.) 245.

*A. Mason*, for the defendants.

MORTON, J. The parties having agreed that the auditor's report is to be taken as an agreed statement of facts, we are to assume that all the facts found by the auditor are established. Upon these facts, four questions have been presented for the consideration of the court.

1. The auditor finds that there was a special agreement between the plaintiff and the defendant Gershom B. Weston, that

said Gershom B. Weston should occupy the premises for the winter of 1865, and should pay rent therefor at the rate of $350 a year, payable quarterly ; and that there was no agreement between the parties as to what rent should be paid after that time. All the evidence upon this point is contained in certain letters between the parties, copies of which are annexed to the report; and we are unanimously of opinion that they do not show any agreement or contract that the rent should be less than the rate originally stipulated.

The tenant held over until the plaintiff was put in possession of the premises under the writ of restitution in this case. Under these circumstances, the law implies that the tenant held the premises upon the same terms as those on which they were originally leased to him. *Dimock* v. *Van Bergen*, 12 Allen, 551. *Davis* v. *Alden*, 2 Gray, 309. *Bartholomew* v. *Chapin*, 10 Met. 1. The plaintiff therefore is entitled to recover for rent at the rate of $350 a year from January 1, 1865, to January 9, 1867, when he received possession of the premises.

2. It appears that the defendant Gershom B. Weston formerly owned the premises, and conveyed them to the plaintiff prior to January 1, 1865. After the judgment for possession, and before the execution was issued, he removed and carried away a number of marble and imitation-marble slabs, which the plaintiff claims were fixtures and passed to him by the conveyance from said defendant. But, upon the facts reported by the auditor, we are of opinion that these slabs were not so annexed to the real estate as to become part of it. They were not attached to the wall, and could be removed without injury to the house or to themselves. They formed a part of the furniture of the rooms, useful and convenient, but not essential to the enjoyment and use of the house, and not permanently incorporated with the freehold so as to become a part of it. The plaintiff, therefore, cannot recover their value in this suit.

3. The defendant also removed a bell which in 1855 he had placed in the cupola of the barn upon the premises. The facts reported by the auditor present a case which perhaps is near the dividing line ; but we are of opinion that the bell was a fixture

which the vendor could not lawfully remove. The mode in which it was attached, and its long use in connection with the barn, lead to the conclusion that it was intended to be, and was, permanently annexed to the barn, as an incident and appurtenance thereof.

4. The defendants object to certain items charged by the officer for his fees for serving the execution for possession. The officer, in his return, among other items, charges for " cash for assistance, $23.90; extra time and trouble, $32.75; horse and carriage, $2.00."

We can see no authority of law for the charges for assistance and for extra time and trouble. The statutes provide that the fees of an officer for serving a writ of seisin or possession in real actions shall be one dollar and ten cents. Gen. Sts. *c.* 157, § 4. They also provide that in cases not expressly provided for by law the fees for any official service shall be " at the same rate as those prescribed in this chapter for like services." Gen. Sts. *c.* 157, § 14. These provisions of the statutes limit the amount which the officer was entitled to charge in this case; and the items for assistance and for extra time and trouble are therefore disallowed.

The St. of 1864, *c.* 274, allows a small charge for the use of a horse and carriage in certain cases, but provides that " no allowance shall be made under this act unless the officer shall certify that it was necessary for him to use a horse and carriage, and that he actually used such conveyance the distance set forth in his certificate." The officer in this case has not made such certificate, and therefore his charge of two dollars for horse and carriage must be disallowed.

The fact that the plaintiff chose to pay these illegal fees gives him no right to recover them of the defendants.

*Execution to issue according to the principles above stated.*