C. B. ROGERS AND COMPANY vs. SIMON SIMMONS.

Suffolk.    November 12, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Foreign Corporation — Filing of Certificate — Service of Execution —
Officer's Fees.*

The provisions of the St. of 1884, c. 330, which require every foreign corporation doing business in this Commonwealth to appoint the commissioner of corporations its attorney on whom service of process may be made, and to file with him certain papers before beginning to do business here, are directory merely; and a failure to comply with them does not invalidate the contracts of the corporation, nor deprive it of the right to sue in the courts.

The right of an officer to charge for the service of a legal process is found only in the statutes, and is limited by their provisions.

Where an execution is levied on personal property, a bill paid for storage for the time between the entry of the writ and the date of the judgment cannot be allowed as part of the expense for serving the execution; but it should be presented to the court as an additional return on the writ before the final judgment, so as to be taxed in the costs of suit and included in the judgment.

The fees allowed an officer for serving an execution do not include charges for sums paid for the care of the property two days and two nights after the auction sale on the execution; nor for the personal services of the officer, in preparing advertisements of the auction sale, posting notices, making schedules of the property, and conducting the sale; nor for small sums paid for articles used incidentally to the sale, and in preparing the property therefor; nor a special fee for a levy.

CONTRACT by a foreign corporation against a constable of the city of Boston, to recover part of the proceeds of a sale on an execution in favor of the plaintiff, as money had and received to the plaintiff's use. At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which, so far as material, appear in the opinion.

*C. Steere*, for the defendant.

*H. Dunham*, for the plaintiff.

KNOWLTON, J.    The first exception was to the refusal of the court to rule that the action could not be maintained because the plaintiff corporation failed to comply with the provisions of the St. of 1884, c. 330, which require every foreign corporation doing business in this Commonwealth to appoint the commis-

sioner of corporations its attorney on whom service of process can be made, and also to file a copy of its charter, or certificate of incorporation, with a statement of the amount of its capital stock and the amount paid in thereon to its treasurer, before beginning to do business here. The contention is that any business done by a foreign corporation without first filing the papers required by the statute is illegal, and that our courts will not aid such a corporation in the enforcement of contracts or the protection of alleged rights founded on such transactions.

But we are of opinion that these provisions are directory merely, and that, while a failure to comply with them subjects the officers and agents of the corporation to severe penalties, it will not invalidate its contracts, or deprive it of the right to sue in our courts. Indeed, the statute expressly declares, in § 3, that "such failure shall not affect the validity of any contract by or with such corporation"; and this provision is sufficiently expressive of the intention of the Legislature to include contracts which arise by implication of law, as well as express contracts. In *Chase's Patent Elevator Co.* v. *Boston Tow-Boat Co.* 152 Mass. 428, under a statute somewhat similar, which contained no such clause, it was held that contracts made before filing the papers required by law to be filed prior to the commencement of business can be enforced; and the same doctrine must be laid down under the statute now before us.

The remaining exceptions are to the refusal of the court to rule that certain charges made by a constable for the service of an execution were proper, and to the ruling that they were improper.

The execution was levied on personal property which sold for $459.01, and the officer's fees and charges on the execution amounted to $152.80. Of this sum the court disallowed items amounting to $54.97, and allowed the balance. The first question arises on the disallowance of that part of the bill paid for storage, which is for the time between the entry of the writ and the date of the judgment. This cannot be allowed as a part of the expense for serving the execution, but it should have been presented to the court by way of an additional return on the writ before the final judgment, so that it might be taxed in the costs of suit, and included in the judgment.

The next item is for a payment for care of the property two days and two nights after the auction sale on the execution, and the next three items are for personal services of the officer, in preparing advertisements of the auction sale, posting notices, making schedules of the property, and conducting the sale, and for small sums paid for articles used in preparing the property for the sale, and for certain things used incidentally to the sale.

It is an important principle, founded on considerations of public policy, that the right of officers to charge for the service of a legal process is found only in the statutes, and is limited by their provisions. In *Cutter* v. *Howe*, 122 Mass. 541, it was decided that an officer had no right to appoint a keeper of personal property attached, and put him in permanent charge of it, but that it was his duty as soon as may be after the attachment to remove the property from the possession of the debtor, and take it into his own immediate possession. Soon after this decision, the Legislature passed the St. of 1878, c. 272, (Pub. Sts. c. 161, §§ 42, 43, c. 199, § 6,) authorizing the appointment and payment of keepers of personal property attached or taken on execution, and strictly limiting the length of time for which they might be retained, and the price which might be paid them, without a special order of the court. This must be held to cover the whole subject of appointing and paying keepers, and, under a fair construction of it, payment may be made only " for the keeper while he is in charge," and his custody in that capacity cannot properly extend two days beyond the time when the sale by auction is made upon the execution. This item was rightly disallowed.

There are strong reasons against allowing an officer to use his discretion in making charges against property beyond those expressly allowed by the statute and such expenses as are necessarily incurred in the performance of his legal duties. In this State, when the property is of such a kind that it is necessary for the officer to procure and pay for storage for it, he is allowed such sums as are properly so paid. Where money is necessarily paid for advertising under the Pub. Sts. c. 171, §§ 37, 38, that is a proper charge on the execution. But for all the officer's personal services, whether ordinary or extraordinary, the fees

expressly provided by the statute are intended to be the only compensation.

Sometimes these fees are small as compared with the value of the services rendered; sometimes they are more than an adequate compensation. The officer is not the agent of the parties, but he acts under public authority, and neither the creditor nor the debtor can do otherwise than avail themselves of the services of such a person as the law has provided for them. Neither of them can control him in the performance of his duties; and it is important that he should be kept strictly within the statute, and should not be allowed a discretion to go outside of the requirements of the law as to that part of his conduct which may involve expense to be charged upon the property in his hands, or against either of the parties. This rule has been applied in many cases. *Weston* v. *Weston*, 102 Mass. 514. *Cutter* v. *Howe*, 122 Mass. 541, 544. *Slater* v. *Hames*, 7 M. & W. 413. *Phillips* v. *Canterbury*, 11 M. & W. 619. *Davies* v. *Edmonds*, 12 M. & W. 31. *Searle* v. *Blaise*, 14 C. B. (N. S.) 856. *The John E. Mulford*, 18 Fed. Rep. 455. *Bussier* v. *Pray*, 7 S. & R. 447. For a strong presentation of the reasons for it, and an elaborate review of the authorities, see *Crofut* v. *Brandt*, 58 N. Y. 106.

The defendant had no right to charge for his services in preparing advertisements of the auction sale, and in making schedules of the property and conducting the sale; nor could he lawfully pay out money and have reimbursement out of the property for a flag to be used at the auction, or for the other small articles mentioned in item 13 of his return.

His charge of a special fee for a levy was also unlawful. The statute prescribes no such fee for a service of this kind, but pays the officer by his poundage and his fee for travel. Pub. Sts. c. 199, § 6.

*Exceptions overruled.*