WILLIAM E. KELLEY & others *vs.* RICE–BLAKE LUMBER COMPANY & trustee.

Worcester.    September 29, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Foreign Corporation — Insolvency — Filing of Certificate.*

A foreign corporation may make a voluntary petition in insolvency before appointing the commissioner of corporations as its attorney, or filing the papers required by St. 1884, c. 330.

TRUSTEE PROCESS. The case was submitted to the Superior Court, and, after the trustee was discharged, to this court, on

appeal, upon agreed facts, in substance as follows. The principal defendant, a foreign corporation, had for two or three years done business in this Commonwealth, having its office and principal place of business in Boston. On July 15, 1895, the plaintiffs, who were creditors of the corporation, attached by trustee process funds in the hands of the Rice and Griffin Manufacturing Company of Worcester. Although the principal defendant was transacting a general business of dealing in lumber at wholesale in this Commonwealth, it had not at that time complied with the provisions of St. 1884, c. 330, and had not filed with the commissioner of corporations any of the certificates referred to in that statute. Upon August 31, 1895, the principal defendant duly and regularly filed the certificates prescribed by that statute, and thereafter, upon the same day, in proper form, filed its voluntary petition in insolvency in the Insolvency Court for the county of Suffolk, and thereafter Edgar R. Champlin was duly appointed assignee in insolvency of the company. The plaintiffs made a valid attachment, and were entitled to the funds in the hands of the trustee, unless the insolvency proceedings dissolved the attachment; and, if they did dissolve the attachment, the assignee was entitled to the funds. It was further agreed that the insolvency proceedings did dissolve the attachment, unless the insolvent corporation's failure to comply with the provisions of St. 1884, c. 330, before the service of the trustee process operated to prevent the corporation from subsequently complying with the provisions and availing itself of the insolvency laws of this Commonwealth relating to foreign corporations as against the rights of an attaching creditor acquired before the corporation complied with those laws.

If the attachment was dissolved by the insolvency proceedings, the case was to stand continued in the Superior Court to await those proceedings. If the attachment was not dissolved, special judgment was to be entered for the plaintiffs against the principal defendant, and the trustee was to be charged on its answer.

*W. S. B. Hopkins*, for the plaintiffs.

*E. R. Champlin*, for the defendant corporation.

BARKER, J. We are of opinion that when the attachment was made, as well as when the insolvency proceedings were

begun, the defendant corporation was so "subject to the provisions of chapter three hundred and thirty of the Acts of the year one thousand eight hundred and eighty-four," within the meaning of St. 1890, c. 321, § 1, that it could take the benefit of our insolvency laws. If the Legislature had intended to provide that only such foreign corporations as had complied with the St. of 1884 could make a petition in our insolvency courts, it would have said so. The statute of 1884 applies in terms to every foreign corporation "having a usual place of business in this Commonwealth," except foreign insurance companies. St. 1884, c. 330, §§ 1, 4. It directs all such corporations, before doing business here, to do certain acts, and failure of the corporation to comply subjects every officer and agent who transacts business here as such, to a heavy penalty, with the proviso that such failure "shall not affect the validity of any contract by or with such corporation." St. 1884, c. 330, § 3. See *C. B. Rogers Co.* v. *Simmons*, 155 Mass. 259. The directions are addressed to the corporation, and not to its officers or agents, and the fact that the corporation's failure to comply subjects officers and agents to a penalty shows clearly enough that the corporation is subject to the provisions of the statute.

The mischief aimed at by St. 1890, c. 321, was the want of power to deal in insolvency with property situated here belonging to foreign corporations doing business here. There is no reason why such a corporation, which has not appointed an attorney here nor filed the required copies and statements, should not be allowed to proceed in insolvency equally with foreign corporations who have complied with the statute. The purpose is not to favor foreign corporations, but to benefit our own citizens. Both this purpose and the language of St. 1890, c. 321, require the construction which we give. In the present case it is unnecessary to consider either what would have been the effect of insolvency proceedings if the defendant corporation had not been subject to St. 1890, c. 321, until it complied with St. 1884, c. 330, or whether a petition in insolvency can be brought against a foreign corporation which has not complied with that statute.

*Judgment discharging trustee affirmed.*