SUTHERLAND-INNES COMPANY, LIMITED, *v.* CHANEY.

Opinion delivered March 26, 1904.

FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS.—Acts 1899, p. 20, § 4, provides that any foreign corporation that has heretofore engaged in business or made contracts in this state may, within ninety days after its passage, file a copy of its articles of incorporation with certificate of appointment of an agent upon whom process may be served, in which event its previous contracts are validated. *Held,* that a foreign corporation which had entered into a contract before the passage of the act might sue thereon after its passage on filing the articles of incorporation and certificate of appointment of agent, though such filing was not done within ninety days after the act passed.

Appeal from Arkansas Circuit Court.

GEO. M. CHAPLINE, Judge.

E. L. Chaney, as administrator of the estate of M. L. Chaney, deceased, brought suit against Robert Bonner and another, and procured an attachment upon certain timber. The Sutherland-Innes Company, Limited, intervened, and appealed from a judgment for plaintiff. Reversed.

*H. Coleman,* for appellant.

Appellant had complied with the legal requirements as to foreign corporations, and was entitled to do business in this state. Acts 1899, 18, 305. The secretary of state's certificate was *prima facie* sufficient. 26 S. W. 256. Appellant's status became the same as that of any domestic corporation. 4 Wash. 686. The general statute as to proof of corporate existence (Sand. & H. Dig. § § 1334, 2880) applies. 4 Wash. 686; 6 Thomp. Corp. § 7712; 130 U. S. 291. Parties contracting with an alleged corporation in the use of its corporate powers are estopped to deny its corporate existence. 23 Fed. 232; 27 Fed. 277; 47 Ark. 269; 70 Ala. 120; 72 Cal. 379; 128 Ill. 67; 12

Ind. 6. The attaching creditor stands in the same attitude as his debtor, and is estopped also. 14 Fla. 384; 68 Fed. 412; 89 Ind. 389; 79 Mo. 239. The question raised as to compliance with the act of 1899 within ninety days goes to appellant's right to sue, but not to the proof of corporate existence. 129 Mo. 381, s. c. 31 S. W. 772; 92 Mass. 231; 6 Wash. 122, s. c. 32 Pac. 1073. The interpleader had the right to sue, whether it had complied with the act of 1899 or not. 57 Ark. 25.

*James A. Gibson, John F. Park,* and *X. O. & X. J. Pindall,* for appellee.

HUGHES, J. The appellant corporation, in an action of attachment upon a lot of timber, filed an interplea claiming to have bought and to be the owner of the timber. The contract under which the corporation claimed was made on the 17th of February, 1898. On the 16th of February, 1899, the legislature passed the act prescribing the conditions upon which foreign corporations may do business in this state, the fourth section of which is as follows: "Any foreign corporation that has heretofore engaged in business or made contracts in this state may, within ninety days after the passage of this act, file such copy of articles of incorporation, together with certificate of appointment of an agent upon whom service of summons and other legal process may be had, in the office of the secretary of state, and pay the requisite fees thereon, as provided by this act, then all their contracts made before this act goes into effect are hereby declared as valid as if said articles of incorporation and certificate, as herein defined, had been filed before they began business in this state." The articles of incorporation were filed in the secretary of state's office, together with the certificate of the appointment of an agent upon whom service of process might be had, on the 21st of August, 1899, more than ninety days after the passage of the act of February 16, 1899.

The question of the corporation's right to sue and maintain the action in this state was raised, and the appellant offered in evidence a duly certified copy of its articles of association and certificate, and the same was objected to and was not allowed by the court on the ground that it was not filed in the office

of secretary of state within ninety days after the 16th of February, 1899, the date of the passage of the act, the fourth section of which is quoted above. In this the court below committed an error. "The condition upon which the right to maintain an action depends" was performed when the articles of incorporation were filed with the secretary of state, "and the plaintiff can in the future prosecute it to a final judgment." "The act of February 16 does not expressly prohibit the institution of an action because of a failure to perform any condition, nor does it intend to forever prohibit the maintenance of any action because the plaintiff therein is a foreign corporation, and has not within any particular time complied with its terms." *Buffalo Zinc & Copper Co.* v. *Crump*, 70 Ark. 525.

The judgment is reversed, and the cause is remanded for a new trial.