WILLIAM G. STEEL & another *vs.* H. K. WEBSTER & others.

Essex.    March 15, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Corporation.    Sale*, Rescission.

One who has sold goods on credit to a domestic corporation deceived by a false statement of its assets and liabilities filed by its officers under Pub. Sts. c. 106, § 54, with the purpose of giving the corporation a credit to which it was not entitled, may rescind the sale and maintain an action of replevin for the goods.

REPLEVIN for twenty-one cases of wool tops. Writ dated January 8, 1901.

The answer denied that the goods replevied were the property of the plaintiffs, and alleged that they were the property of the Globe Worsted Mills, of which corporation the defendants were the assignees under an assignment dated December 21, 1900.

At the trial in the Superior Court before *Stevens*, J., without a jury, the auditor's report was the only evidence introduced. The auditor found that the certificates filed by the Globe Worsted Mills in 1899 and 1900 under Pub. Sts. c. 106, § 54, were prepared by the treasurer of that corporation knowing them to be grossly false, for the purpose of giving the corporation a credit to which it was not entitled, and that these certificates were relied upon by the plaintiffs in the manner stated in the opinion.

The defendants asked the judge to rule as follows: "1. Upon the auditor's report the defendants are entitled to a finding in their favor and a judgment for return of the goods replevied. 2. Upon the auditor's report and the facts reported therein, together with all legitimate inferences to be drawn from such facts, the plaintiffs would not be entitled to a judgment in their favor, as reported by the auditor. 3. The filing of the certificate of condition by the defendant corporation in itself would not constitute such fraud or fraudulent representations as would entitle the plaintiffs to rescind the same and replevy the property sold, even although such certificate was false within the knowl-

edge of the officers of the corporation, and was intended to give the corporation an extended credit and to deceive the public."

The judge refused to rule as requested, and found for the plaintiffs with nominal damages. The defendants alleged exceptions.

*W. S. Knox & W. Coulson*, for the defendants.

*G. L. Mayberry & W. M. Morgan*, for the plaintiffs.

LATHROP, J. The auditor has found in this case that the plaintiffs sold goods to a corporation represented now by the defendants; that before making the contract of sale the plaintiffs inquired through a mercantile agency as to the financial condition of the corporation, and received in return a statement in detail of the assets and liabilities of the corporation contained in its annual returns of condition, in pursuance of the requirements of the Pub. Sts. c. 106, § 54; that these returns were knowingly false and made for the purpose of giving the corporation a credit to which it was not entitled, and to deceive the public and persons from whom the corporation might seek and obtain credit. The questions are whether the plaintiffs can avail themselves of these false statements, they relying on the same and making the sale in consequence thereof, and whether they can rescind the sale and maintain an action of replevin for the goods.

No question is made that the requirements of the Pub. Sts. c. 106, § 54, apply to the corporation in question. This requires an annual certificate "signed and sworn to by its president, treasurer, and at least a majority of its directors," and stating among other things "the assets and liabilities of the corporation, in such form and with such detail as the commissioner of corporations shall require or approve." See also Sts. 1887, c. 225; 1890, c. 199; 1896, c. 369; R. L. c. 110, § 51; St. 1903, c. 437, § 45. There are also many acts preceding the Public Statutes.

In *Fogg* v. *Pew*, 10 Gray, 409, 415, in reference to the return required from an insurance company to the secretary of the Commonwealth, it was said by Mr. Justice Bigelow: "The return made by the corporation to the secretary of the Commonwealth, in compliance with the provisions of the statutes, was irrelevant and immaterial to the issue before the jury, unless accompanied by further evidence that the defendant saw or knew of such

statement, and was thereby deceived, and entered into contracts of insurance with the corporation, relying in some degree on the statements which it contained."

In *Thayer* v. *New England Lithographic Steam Printing Co.* 108 Mass. 523, 528, Mr. Justice Wells, speaking of the St. of 1862, c. 210, requiring a certificate to be filed, said : " The purpose is to secure, to the public, information, furnished by such a statement, of the character and condition of the corporation, so that those who may deal with it may have knowledge, or means of knowing those facts."

In *Felker* v. *Standard Yarn Co.* 148 Mass. 226, it was said by Mr. Justice Charles Allen, speaking of the Pub. Sts. c. 106, § 54 : " No doubt one important reason, perhaps the principal reason, for the statutory provisions is to enable persons who may have occasion to deal with corporations to ascertain their condition, and their title to credit." See also *Heard* v. *Pictorial Press,* 182 Mass. 530.

*Hunnewell* v. *Duxbury,* 154 Mass. 286, is readily distinguishable from the case at bar. That was a case of a foreign corporation, which by the St. of 1884, c. 330, was required to file a certificate containing a statement of the amount of its capital stock, and the amount paid in thereon to its treasurer, and how paid, as a condition precedent to its right to do business in this State. It was not required to file a statement of its assets or liabilities. As the court said, in speaking of the certificate : " Its design was not to procure credit among merchants, but to secure the right to transact business in the State."

We have no doubt in the case at bar that the judge in the court below rightly found for the plaintiffs, with nominal damages.

*Exceptions overruled.*