MARIAN REALTY COMPANY *vs.* IRVING CIBEL.

Suffolk.    May 6, 1947. — June 25, 1947.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Corporation*, Foreign corporation, Officers and agents.

Personal liability of an officer of a foreign corporation for rent due under a lease executed by him in behalf of the corporation at a time when it had not complied with the requirements of G. L. (Ter. Ed.) c. 181, § 5, did not cease upon a subsequent compliance therewith.

CONTRACT.    Writ in the Superior Court dated May 14, 1945.

The case was heard by *Cabot*, J., without a jury.

*M. Gordon*, for the defendant, submitted a brief.

*T. Kaplan*, for the plaintiff.

LUMMUS, J.    General Laws (Ter. Ed.) c. 181, § 5, provides that a foreign corporation of certain classes, before

transacting business in this Commonwealth, shall file with the commissioner of corporations and taxation a certified copy of its charter or articles of incorporation, a copy of its by-laws, and a certificate setting forth certain other facts. The section further provides that in case of failure to comply with the foregoing provision every officer or agent who transacts business in behalf of such corporation shall be liable in contract for all debts and contracts of the corporation "so long as such failure continues."

The defendant was the president of a foreign corporation called Golden Bell Cleaners, Inc. of Rhode Island. On July 21, 1942, he executed in behalf of said corporation a lease to it of premises in Boston running from Charles A. Rome and Nathan Rome, executors, who assigned their rights to the plaintiff. The plaintiff sued for rent, and the judge found in its favor.

The only question argued by the defendant upon his bill of exceptions is the one raised by the denial of the following requested ruling, "That as a matter of law the personal liability of an officer of a foreign corporation which arises by virtue of the failure of a foreign corporation to comply with G. L. c. 181 ceases upon the compliance by the foreign corporation with G. L. c. 181." The evidence showed that after the rent in question had become due the foreign corporation for the first time complied with G. L. (Ter. Ed.) c. 181, § 5.[1]

In *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank*, 196 Mass. 458, a suit was begun by a foreign corporation before it had complied with the statute in question, but it did comply with the statute pending the suit. It was held that the corporation could thereafter maintain the suit and recover in it. The statute provides, however, that an officer or agent of a foreign corporation which has failed to comply with the statute, who transacts business in behalf of such corporation, shall be liable in contract for all debts and contracts of the corporation "so long as such failure continues." We think that the liability of such officer or agent

---

[1] This compliance was on August 1, 1945.

is fixed as of the time of the transaction of the business — in the present case as of the time of the signing of the lease — and that subsequent compliance with the statute does not operate to absolve the officer or agent from a liability already accrued. The present case differs from one in which the foreign corporation is the plaintiff, and the question is merely whether the suit cannot be maintained because the failure of the corporation to comply with the statute still continues.

*Exceptions overruled.*