ENO, J.
This is a voluntary report by a trial judge under G.L. (Ter. Ed.) c. 231, §. 108, of an action of contract in which he made a finding for the plaintiff in the sum of two dollars.
The report may be summarized as follows: The plaintiff in an action of summary process obtained a judgment against defendant for possession and costs. The execution was turned over to a deputy sheriff for service. The latter employed one Owens, a mover, to pack and move the defendant’s effects, and returned the execution satisfied for possession only, on which he noted: “Fees: Possession $25.00”. The deputy sheriff then made an assignment of that amount to the plaintiff.
The plaintiff also obtained an assignment from the mover for his expenses in the amount of $53.56 for moving said effects, which the trial judge found was reasonable for the services performed. He also found that the mover did not store the property.
No petition was ever filed in the original action under G.L. (Ter. Ed.) c. 262, §. 17 for additional compensation of the deputy sheriff and no requests for rulings were filed by either party in this action. *[22] The plaintiff as assignee of the officer and mover seeks to recover these two sums from the defendant.
The I rial judge ruled that the plaintiff, as assignee of the deputy sheriff, “who did not purport to assign other than his fees” was only entitled to the statutory fee of $2.00, since no petition was filed by him for any extra fees. He also found that there was no privity of contract between the mover and the defendant, which “aside from any statutory imposition of liability, would give rise to a cause of action between rhe assignor Owens and defendant”, and that “the plaintiff cannot at law recover as assignee of the mover”.
We are of the opinion that there is no error in the trial judge’s rulings and finding.
As assignee, the plaintiff has the same, but no greater, rights than those of the officer and mover. G. L. (Ter. Ed.) c. 231, s. 5, Earnshaw v. Whittemore, 194 Mass. 187, McMahon v. Brown, 219 Mass. 23, Lewis v. Club Realty Co., 264 Mass. 588, Dolben v. Kaufman, 270 Mass. 381.
The officer was only entitled to such fees and expenses as are authorized by statute. In Rogers & Co. v. Simmons, 155 Mass. 259, 261. The Court said “It is an important principle, founded on considerations of public policy, that the right of officers to charge for the service of a legal process is found only in the statutes and is limited by their provisions.”
In Cutter v. Howe, 122 Mass. 541, 545 it is said “The plaintiff can recover only the fee which by law he is bound to pay the officer for making the attachment according to law, and no agreement between him and the officer, can enlarge the amount which the law fixes as the fee for service.”
In Weston v. Weston, 102 Mass. 514, which was an action of contract on a recognizance entered into in an action to recover possession of certain premises, it was held that only the fees provided by statute in service by the officer of the execution for possession could be recovered and certain items for assistance and extra time and trouble were disallowed.
The fees allowed by G. L. (Ter. Ed.) c. 262, s. 17, to an officer for the service of an execution of ejectment is $2.00 and G. L. (Ter. Ed.) c. 239, s. 4, *[23] governing executions in summary process provided as follows:
“If an officer, serving an execution issued on a judgment for the plaintiff for possession of land or tenements, removes personal property, belonging to a person other than the plaintiff, from the land or tenements and places it upon the sidewalk, street or way on which the land or tenements abut, he may forthwith, and before the expiration of the time limited in any ordinance or by-law for the removal of obstructions in the street, remove such property and cause it to be stored for the benefit of the owners threof. Whoever accepts the same on storage from such officer shall have a lien thereon for reasonable storage fees and for reasonable expenses of removing it to the place of storage, but such lien shall not be enforced by sale of the property until it has been kept on storage for at least six months. If the owner of such property is present and claims it when it is so removed from the land or tenements, the officer shall not remove and store it, and his act of placing it upon the sidewalk or street shall be deemed the act of the owner, who alone shall be held to answer therefor.”
It is noted that his lien is exclusively for the benefit of the person who accepts the property and covers not only the storage fees but the expenses of removing it to the place of storage. Treas. and Rec. Gen. v. Tremont Storage Warehouse, Inc., 296 Mass. 531.
Under the term of this statute, the lien cannot be enforced by sale of the property until it has been kept in storage for at least six months. The owner may claim it and secure it at any time upon the payment of the lien for the moving expenses and storage charges.
The finding for the plaintiff in the sum of $2.00 is hereby affirmed. Report dismissed.