*Third District Court of Eastern Middlesex*

No. 3821 of 1955

*Northern District*

No. 4978

## MATTHEW B. STRANG ET AL

v.

## WARREN MARIFIOTE

(August 24, 1956)

*Eno, J.* This is an action of contract brought by a landlord against a former tenant for a constable fee of $25.00, Court costs of $4.80, and moving costs of $50.00, all alleged to have been incurred in evicting the tenant from the landlord's premises under an execution issued from a district court.

The answer is a general denial and a denial "that the plaintiffs are entitled to recover as this action is one for additional costs in a summary process suit and that the court in which said case was tried has not determined that the plaintiffs are entitled to such additional costs from the defendant and further that there was no privity of contract between the plaintiffs and the defendant."

The case was submitted to the Court (*Magnuson, Sp. J.*) on the following agreed facts:

1. At one time and up until [the] including October 24, 1955, the defendant was a tenant of the plaintiffs at 23 Chalk Street, Cambridge, Massachusetts.

2. A summary process action was commenced by the plaintiffs against the defendant suit number 1826 of 1955 on the records of this Honorable Court for the possession of said premises.

3. As a result of said suit there was an agreement for judgment for possession costs were awarded to the plaintiffs and an execution issued.

4. The costs awarded in said suit have not as yet been satisfied by the defendant.

5. Said execution was turned over to a constable for levying. The said constable employed a mover to pack and move the defendant and returned the execution.

6. The mover did not store the defendant's property but moved it to premises occupied by the defendant for living purposes.

7. The plaintiffs seek to recover from the defendant the following:

   a. Constables fee of $25.00 for evicting the defendant under said execution paid by the plaintiffs.

   b. Moving costs of $50.00 for moving defendant under said execution paid by the plaintiffs.

   c. Court costs of $4.80 awarded in suit No. 1826 of 1955 on the records of this Honorable Court.

8. And that at no time did the defendant agree with the plaintiffs that he the defendant would pay them for constables fees or moving charges.

## The Court denied the following requests for rulings of the plaintiffs:

1. Upon the agreed statement of facts the Plaintifffffs are entitled to recover the constable's fee of $25.00 for carrying out the execution.

2. Upon the agreed statement of facts the Plaintiffs are entitled to recover the moving costs of $50.00 paid by the Plaintiffs to move the defendant.

3. Upon the agreed statement of facts the Plaintiffs are entitled to recover the costs of $4.80 awarded in suit No. 1826-1955 on the records of this Honorable Court.

4. As a matter of law the landlord is entitled to recover from the tenant evicted under a summary process execution the cost paid by the landlord of the Sheriff's fees in carrying out such execution.

5. As a matter of law the landlord is entitled to recover from the tenant the cost paid by the landlord of moving the tenant under an execution issued in a summary process suit from the landlord's premises to the premises where next the Plaintiff lives.

6. As a matter of law there is an implied contract between a landlord and a tenant for the cost of a Sheriff's fee involved in carrying out an execution against the tenant issued on a summary process suit.

7. As a matter of law there is an implied contract between a landlord and a tenant for the costs involved in moving the tenant from the landlord's premises to his next living quarters under an execution issued in a summary process suit.

The report does not comply with rule 31 of the Rules of the District Courts (1952) as to the size of the paper. It does not state whether the finding was for the plaintiff or the defendant, making it necessary to consult the copy of the docket entries to find that it was for the defendant. *Bresnick v. Heath,* 292 Mass. 293, 296; *Home Savings Bank v. Savransky,* 307 Mass. 601, 603. It does not include the two concluding paragraphs of the model report in the rules. (Rules of District Courts, pp. 45-46.)

It is the primary duty of the party seeking a review of questions of law raised at a trial to file a draft report in compliance with the rules. But it is also the duty of the trial judge to see that it follows the rules and is complete in all respects, otherwise he should dismiss or disallow the report. When signed, it then becomes the report of the trial judge. *Kelly v. Foley,* 284 Mass. 503, 509; *Perry v. Hanover,* 314 Mass. 167.

The statement of agreed facts contains all the material facts upon which the rights of the parties were to be determined in accordance with law and therefore constituted a case stated. *Caissie v. Cam-*

*bridge,* 317 Mass. 346. In such a case the plaintiff's requests for rulings, which were denied, had no standing, *Associates Discount Corporation v. Gillineau,* 322 Mass. 490, 491, and "questions of fact as well as questions of law are open for review" upon this appeal. *Caissie v. Cambridge,* 317 Mass. 346, 347.

The fees of an officer in the service of an execution of ejectment are fixed by G. L. (Ter. Ed.) c. 262, §15, and include $1.00 for demand, $1.00 for delivery; and in addition all "necessary expenses including packing, teaming and labor," and he may be allowed "additional compensation by an order of the court from which the execution issued.

The plaintiff can only recover from the defendant the officer's fees allowed by that statute. Since there is no provision in it for a fee of $25.00 charged by the constable, that item was therefore properly disallowed. *Weston v. Weston,* 102 Mass. 514; *Cutter v. Howe,* 122 Mass. 541, 545.

The plaintiff could recover from the defendant the "necessary expenses, including packing, teaming and labor." In the case at bar the charge is not made for these expenses, but for a "moving fee" from one residence to another.

We do not think that an action on an implied contract lies to recover this item directly from the defendant. *Pappas v. Dedeyan,* 3 Mass. App. Dec. 21.

Furthermore, the court from which the original execution issued has not ordered any additional compensation as provided by that statute.

The item of $50.00, therefore, could not be allowed in this action.

We do think, however, that the plaintiff was entitled to recover the $4.80 court costs on the original execution. These were allowed by the court and have not been paid. There was error, therefore, by the trial judge in not allowing this item.

The finding for the defendant is to be vacated, and a new finding is to be entered for the plaintiff in the amount of $4.80.

S. A. Wilkinson, III, for the Plaintiff.
August M. Stiriti, for the Defendant.